# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| Janet Nelums & Chris Nelums<br>**PLAINTIFF(S)**<br><br>**VS.**<br>Ben Mill Jr, special referee, an individual. Judge Hon, Kristi F. Curtis an individual. Scott and Corley, P.A. Reginald P. Corley, an individual. Nelson Mullins Riley & Scarborough LLP, Matthew A. Abee, an individual. Madison C. Guyton, an individual. Black Knight/ Lender Processing Services (LPS) Richland County, Sheriff Leon Lott in His Official Capacity as The Sheriff of The Richland County Sheriffs Department and, Civil Process Division, Sgt. Kyle Kovalchuk<br>**DEFENDANT (S** | **COMPLAINT FOR DAMAGES:**<br><br>(1) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., § 1983, VIOLATIONS.<br><br>(2) JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 U.S.C., § 1983;<br><br>(3) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., § 1983, DELIBERATE INDIFFERENCE TO CONSTITUTIONAL RIGHT IN REFUSAL TO INVESTIGATE EVIDENCE DEMONSTRATING, THE NELUM'S INNOCENCE.<br><br>(4) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., § 1983, FALSE EVIDENCE VIOLATIONS;<br><br>(5) JOINT ACTION/CONSPIRACY TO VIOLATE CIVIL RIGHTS, 42 U.S.C., § 1983, FALSE EVIDENCE VIOLATION;<br><br>(6) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., § 1983, SUPERVISORIAL LIABILITY;<br><br>(7) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., § 1983, VIOLATION OF FOURTEENTH AMENDMENT RIGHTS;<br><br>(8) DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., § 1983, NELUM'S VIOLATIONS. |

RCV'D - USDC COLA SC
SEP 9 '24 AM 11:04

## PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND CHALLENGE TO THE JURISDICTION OF LOWER THE COURT

MOTION TO DISQUALIFY CIRCUIT COURT Attorney BEN N. Miller This Motion is Verified by Janet Nelums & Chris Nelums SC Code § 16-9-20(2) Court Take Judicial Notice Supreme Court of South Carolina ADMINISTRATIVE ORDER June 3, 2021, Rule 53(b) provides no authority for the order of reference in this case. In matters brought to our attention, the special referee appointed by the circuit court is typically a lawyer. See 28 U.S.C. § 636(c)(3); FED. R. CIV. P. 73(c). **EXHIBIT-A** Janet Nelums & Chris Nelums hereinafter "The"), pro se, ("Plaintiffs"), pursuant to Section (1) Deprivation of Civil Rights, 42 U.S.C., § 1983, Section (2) Joint Action/Conspiracy to Violate Civil Rights, 42 U.S.C, § 1983,Section (3) Deprivation of Civil Rights, 42 U.S.C, § 1983, Deliberate Indifference to Constitutional Rights in Refusal to Investigate Evidence Demonstrating, The Nelum's Innocence, Section (4) Deprivation of Civil Rights, 42 U.S.C., § 1983, False Evidence Violations. Section (5) Joint Action/Conspiracy to Violate Civil Rights, 42 U.S.C., § 1983, False Evidence Violations. Section (6) Deprivation of Civil Rights, 42 U.S.C., § 1983, Supervisorial Liability. Section (7) Deprivation of Civil Rights, 42 U.S.C., § 1983, Violation of Fourteenth Amendment Rights, Section (8) Deprivation of Civil Rights, 42 U.S.C., § 1983, Nelum's Violations and Rule 65 of the Federal Rules of Civil Procedure, moves the Court for entry of a Temporary Restraining Order and Preliminary Injunction

10

enjoining defendant's special referee Hon, Ben Mill Jr, special referee, an individual. Judge Hon, Kristi F. Curtis an individual. Scott and Corley, P.A. Reginald P. Corley, an individual, Nelson Mullins Riley & Scarborough LLP. Matthew A. Abee, an individual. Madison C. Guyton, an individual. Black Knight/ Lender Processing Services (LPS), Richland County, Sheriff Leon Lott in His Official Capacity as The Sheriff of The Richland County Sheriff's Department and, Civil Process Division, Sgt. Kyle Kovalchek and all persons acting on its behalf, from destroying, disposing of, or Foreclosing on any asset of Janet Nelums & Chris Nelums See: (Bank of New York v Cariello, 69 AD2d 805, 805 [2d Dept 1979]). mortgage is not enforceable because it was based on a Fraud on The Court [*7]"fraudulent/forged deed. Essentially, NELUM'S asserts That because This ("Forged deed") was prepared by McKenzie Lybrand, LLP, and / Signed by Attorney Ben N. Miller III on May 13, 2024, they never had title in the first place, they never had anything to mortgage. Thus, the mortgage was invalid. A void real estate transaction is one where the law deems that no transfer actually occurred (**Faison v Lewis**, 25 NY3d 220, 225 [2015]). Accordingly, if the deed is void, it does not pass title and cannot be enforced even if title is later acquired by a bona fide purchaser such as, McKenzie Lybrand, LLP, Scott and Corley, P.A. Reginald P. Corley, an individual, Nelson Mullins Riley & Scarborough LLP and Attorney Ben N. Miller III (id.; **ABN AMRO Mtge.**

11

**Group, Inc. v Stephens**, 91 AD3d 801, 803 [2d Dept 2012]), acquired from Janet Nelums & Chris Nelums hereinafter "The"), pro se, ("Plaintiffs"), pending entry by the Court of a final judgment in this action.

This motion is based on the following grounds:

## I. INTRODUCTION

**1.** This case arises from Jeffrey M. Tzerman special referee for Richland County on Tuesday September 6, 2022, Attorney Jeffrey M. Tzerman cancelled the Foreclosure Sale on the Plaintiffs Property and stated that he carefully reviewed the Nelum's Motion and note that it includes unsubstantiated allegations of wrongdoing by the Defendant's in this Case by the Defendant's counsel of Record, prior holders of the loan in question, prior Servicer of the loan and the lower Court Itself. Mr. Tzerman Pursuant to Canon (2) of the Code of Judicial Conduct, Contained within Rule 501 of the SC Rules of Professional reasonability having Concluded that I am unable to hear the Motion, I am recusing myself and returning jurisdiction to the Circuit Court and **demands strict proof thereof.**

## II. INTRODUCTION

**2.** Attorney Ben N. Miller III special referee on May 13, 2024, Attorney permits a foreclosure of real estate without giving you notice of a hearing in a state court proceeding, this is a deprivation of property without due process, violating the Fifth Amendment as well as the Fourteenth Amendment and to add insult to injury Ben Miller, an individual, the practice of law cannot be licensed by any state/State". **Schware v. Board of Examiners**, United State Reports 353 U.S. pages

12

238, 239] Lawyers and Attorneys are Not Licensed to Practice Law I MOVE TO DISQUALIFY Attorney/ Ben N. Miller III special referee, lack subject-matter jurisdiction. [ **See: EXHIBIT-A**

**3.** See 28 U.S.C. § 636(b)(3) (1976) (permitting district courts to assign magistrates "such additional duties as are not inconsistent with the Constitution and laws of the United States"); S. REP. 371, supra note 26, at 26 (judicial experimentation with magistrate duties not listed in 1968 Act will aid district courts).

**4.** Pursuant to Rules 53(b) of the South Carolina Rules of Civil Procedure, without the parties' consent to the master reference. 28 U.S.C. § 636(b)(2), Ben N. Miller, III SC Bar # :3977 ("special referee.") lack subject-matter jurisdiction. See 28 U.S.C. § 636(b)(2), under 28 U.S.C. § 636(c)(1), 28 U.S.C. §636(c)(2). is not authorize in the above-entitled case to this foreclosure action for 813 N. Highland Forest Drive, Columbia, SC 29203 (Parcel 11916-2-16. [ **See: EXHIBIT-A**

**5.** See 28 U.S.C. § 636(b)(2) (1976) (magistrate special master appointment). Appointment of special masters to hear entire cases or evidence on key motions is tightly restricted.

**6.** See FED. R. Civ. P. 53(b) (limiting nonjury master appointments to "exceptional" conditions); note 76 infra (construction of exceptional conditions). These restrictions apply to magistrates serving as special. Master's except when the parties' consent to the master reference. 28 U.S.C. § 636(b)(2) (1976); see note 43 infra. [ **See: EXHIBIT-A**

**7.** The issue of consent is key because a magistrate is an Article I (Not Article III) judicial officer, so subject-matter jurisdiction vests under the Federal Magistrates Act only "upon consent of the parties." 28

13

U.S.C. § 636(c)(1). Such consent is provided in writing and filed with the clerk of the court.

**8.** Section 636(c)(1), before obtaining the consent of the named parties (Whether express or implied) create constitutional problems for Section 636(c)(1): it would permit a non-Article III officer to independently exercise Article III powers (by entering a final order that is not reviewable by the district court) before he is given the authority to do

**9.** On information and belief, the litigant must be given notice. And an opportunity to be heard failure of unserved Plaintiffs to consent. to a U.S. federal magistrate judge (magistrate) before the complaint is heard deprives the magistrate of subject-matter jurisdiction under 28 U.S.C. § 636(c)(1), before an order is entered

**10.**   Section 636(c)(2) requires that the Clerk of Court, Jeanette W. McBride Clerk of the Court for Richland County notify the parties Of their right to refuse to proceed before a magistrate judge, but there is no indication in the Case No: 2017CP4001687 records that the Plaintiffs Janet Nelums & Chris Nelums ever received such a notice from the Clerk of Court, Jeanette W. McBride for the Record. **[ See: EXHIBIT-A**

**11.**   [T]he records here in Case No: 2017CP4001687 shows only that Janet Nelums & Chris Nelums Plaintiffs were aware of being sued. [They] do not point to anything in the record showing that they were

14

made aware of the need to consent and their right to refuse to do so."

12. "The law requires proof of jurisdiction appear on the record of the administrative agency and all administrative proceedings."

### III.   INTRODUCTION

13. Attorney Ben N. Miller III special referee on September 10, 2024, it is so Ordered that the Janet Nelums & Chris Nelums Plaintiffs Pursuant to Circuit Court Rule to Show Cause to Attorney Ben N. Miller III special referee for Richland County, at Richland County Judicial Center, 1701 Main Street Courtroom Columbia SC 29201 on the th10 day of September 2024, at 2PM as to why an Order Granting Writ of Assistance should not be issued by the Court to the Sheriff Department of Richland County SC, Supreme Court of South Carolina ADMINISTRATIVE ORDER June 3, 2021, Rule 53(b) provides no authority for the **order of reference in this case**. Attorney Ben N. Miller III special referees lack subject-matter jurisdiction [ **See: EXHIBIT-A**

### CHALLENGE TO THE JURISDICTION OF THE COURT

14. **TAKE NOTICE:** that We, the Plaintiffs, Janet Nelums & Chris Nelums hereinafter "The"), pro se, ("Plaintiffs"), here by Challenge the Jurisdiction of the Court which is the legal procedure for resolving the issue of judicial authority. This measure is necessary in the light of the fact that the Judicial Officer intends to summarily conduct these proceedings without the Court obtaining my clear and unequivocal Consent to be without a Jury, which is in accordance with the mandates of English Common Law for the administration of Justice – with Justice being "the protection of rights and the punishment of wrongs".

15. This Challenge to the Jurisdiction of the Court is to be. determined by a Special Jury.

15

## CHALLENGE GROUNDS:

**16.** This Challenge to the Jurisdiction of the Court is made on all grounds, including Subject Matter, Relationship and Competency
In any action, both parties must give their clear and unequivocal consent to be without a Jury. Without that consent, the Court has no Jurisdiction to proceed summarily, and the Jurisdiction of the Court must be challenged. This Challenge can only be judged by a Special Jury. Should a Judge or Magistrate disregard or dismiss this Challenge, then he or she is liable to punishment for Contempt of Court, which is "interfering with the administration of Justice, as defined above. Should a Judge or Magistrate disregard or dismiss this Challenge, that is a violation of Due Process and the Rule of Law.

**17.** Challenge of the Jurisdiction of the Court, and of the Judge necessary regarding to these matters and causes and to prove constitutional judicial standing required for this Court and its Judge(s) before they can proceed one step further, as all proceedings must stop upon a challenge of a court's jurisdiction to hear the case.

**18.** A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

**19.** "Once challenged, jurisdiction cannot be assumed, it must. Be proved to exist." **Stuck v. Medical Examiners**, 94 Ca 2d 751. 211 P2d 389.The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

**20.** "A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." Norwood v. Renfield, 34 C

16

329; Ex parte Giambonini, 49 P. 732.There is no discretion to ignore lack of jurisdiction." Joyce v. U.S. 474 2D 215.

**21.** "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150.

**22.** "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

**23.** "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court". OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

## JURISDICTION CANNOT BE WAIVED

**24.** The principles of waiver, consent, and estoppel do not apply. to jurisdictional issues—the actions of the litigants cannot vest a district court with jurisdiction above the limitations provided by the Constitution and Congress.

**25.** Attorney Ben N. Miller III special referee The Courts of Appeals have unanimously upheld the constitutionality of 28 U.S.C. § 636(c)(1)." *Id.* at 1948 n.12. [ **See: EXHIBIT-A**

**26.** By order dated November 12, 2015, the Supreme Court of South Carolina has now mandated mediation in all 46 counties in both civil and domestic cases.

**IV.** **I MOVE TO DISQUALIFY ATTORNEY MILLER BECAUSE I FEAR I WILL NOT RECEIVE A FAIR TRIAL OR HEARING BECAUSE OF SPECIFICALLY DESCRIBED PREJUDICE OR BIAS OF THE ATTORNEY:**
- **Lack Subject Matter jurisdiction**

**27.** The Current venue violates procedure. If for any reason,

17

clerical or otherwise, the case is being handled by the wrong court or a court with no jurisdiction, the venue may be changed to a more suitable court in a different location Once the sufficiency of the affidavit is. determined, such that belief that a fair trial cannot be obtained is justified, a change of venue is mandatory, (**Browning Manufacturing Co. v. Brunson**, 187 S.C. 278, 197 S.E. 311 (1938)), and all the papers relating to the action should be turned over to the nearest magistrate in the county who is not disqualified from hearing the case, so that he may proceed as if the action had been originally filed with him. Section 22-3-920 points out specifically, that only "one such transfer shall be allowed. each party in any case." Changes of venue may be sought for a variety of reasons, from emotional causes of action preventing the drawing of an impartial jury to the personal knowledge or involvement of the magistrate before whom the action was brought, but in every case, the change should only be granted where reasons sufficient to justify a belief that a fair trial is not possible are alleged in the affidavit.

28.   **THE COURT TAKE JUDICIAL NOTICE** The Supremacy Clause of The Constitution of the United States (Article VI, Clause 2) establishes. that the Constitution, federal laws. made pursuant to it, and treaties. made under its authority, constitute the "Supreme Law of the Land", and thus, take priority over any conflicting. state laws, "the federal law will supersede the other law or laws. This is. commonly known as "Pre-emption."

29.   See In re Prudential Ins. Co. America Sales Practice

18

Litig. Agent, 278 F.3d 175, 181 (3d Cir. 2002). Where bad faith is a necessary predicate for a court to use its inherent authority, an untrue Statement is made in bad faith if the statement was made for a harassing or frivolous purpose. **Byrne v. Nezhat**, 261 F.3d 1075, 1125 (11th Cir. 2001). Bad faith can be inferred where an Attorney knowingly and deliberately makes blatantly incorrect statements. **See Crowe v. Smith**, 151 F.3d 217, 239 (5th Cir. 1998) (Finding adequate support in the record for the conclusion that an attorney acted in bad faith in providing "blatantly incorrect discovery response" counsel Knew to be untrue at that the time it was offered).

30. **"Fraud upon the court"** has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to defile the court itself, or is a fraud perpetrated by officers of The court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." **Kenner v. C.I.R.**, 387F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final."

31. **See: Re: Veg Liquidation**, Inc., 8th Circuit 2018-1786 (July 16, 2019). "A finding of fraud on the court, however, "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel." **Landscape Props., Inc. v. Vogel**, 46 F.3d 1416, 1422 (CA8 1995)."

32. **See: Hunt v. National Mortgage**, 11th Circuit 2018-12348 (July 19, 2019). To warrant relief under Rule 60(b)(2): the evidence must be newly discovered since the trial; material; and the

19

evidence must be such that a new trial would probably produce a new result.

**33.** See: Rule 60(b)(3) allows a court to grant relief from a judgment for fraud, misrepresentation, or misconduct by an opposing party. "To prevail on a 60(b)(3) motion, the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." Cox Nuclear Pharmacy, **Inc. v. CTI, Inc**., 478 F.3d 1303, 1314 (CAll 2007). "Additionally, the moving party must show that the conduct prevented the losing party from fully and fairly presenting his case or defense."

**34.** Unless enjoined by this Court, Defendant's may destroy, Dispose of, or Foreclosure of the assets of Janet Nelums & Chris Nelums hereinafter before this Court can enter a final judgment. The Defendant's Attorney Ben N. Miller III Chief Executive partner. has stated publicly that part of the Defendant's business strategy is practice has centered on real estate mortgage foreclosures and Create ("Forged deed"), and Fauldulent Create Missing Intervening Assignment of Mortgage. to add insult to injury

**35.** A Temporary Restraining Order is necessary to preserve the status quo, to prevent the irreparable injury to the public that would result from the destruction, disposal, or Foreclosure of the Plaintiffs, Janet Nelums & Chris Nelums hereinafter "The"), pro se, ("Plaintiffs") assets, and to allow the Court to render effective relief if the Plaintiff prevails at trial. Plaintiff would have no adequate remedy at law, and this Court's ability to fashion effective relief would be significantly

20

impaired, if Ben Mill Jr, special referee proceeds to destroy, dispose of, or Foreclosure of Plaintiffs, Janet Nelums & Chris Nelums hereinafter "The"), pro se, ("Plaintiffs"), assets pursuant to an ("Forged deed") was prepared by McKenzie Lybrand, LLP, and / Signed by Attorney Ben N. Miller III on May 13, 2024, that is found, after trial, to be unlawful.

36.     Granting the requested preliminary relief will serve the public interest.

37.     Court Take Judicial Notice the Supreme Court of South Carolina ADMINISTRATIVE ORDER The power of the circuit court to appoint a referee is governed by Rule 53 of the South Carolina Rules of Civil Procedure. Subsection (b) of the Rule provides only that "causes of action in a case" may be referred under the circumstances listed in the Rule. A discovery dispute is not a "cause of action." **Thus, Rule 53(b) provides no authority for the order of reference in this case**. In matters brought to our attention; the special referee appointed by the circuit court is typically a lawyer.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| s/Donald W. Beatty | C.J. |
| s/John W. Kittredge | J. |
| s/Kaye G. Hearn | J. |
| s/John Cannon Few | J. |
| s/George C. James, Jr. | J. |

Columbia, South Carolina
June 3, 2021

38.     Pursuant to Rule 75, SCRCP, upon receipt of the magistrate's return, the clerk of the Circuit Court to which the appeal is taken shall give notice in writing to the parties that the return has been

21

filed.

## JURISDICTION AND VENUE

**39.** This action is brought by Plaintiffs pursuant to 42 U.S.C. § 1983 for violations of their constitutional rights arising out of Defendants wrongful Foreclosure Actions and incarceration for more than 17 years.

**40.** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331and 1343(4) as these cases arises under the Constitution and laws Of the United States.

**41.** Jurisdiction of this Court is provided by 28 U.S.C. §1331 and §1367 This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

**42.** This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331and 1343(4) as these cases arises under the Constitution and laws Of the United States

**43.** Venue is proper in this judicial district under 28 U.S.C. §1391 (a)because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff claims occurred within this District.

## THE PARTIES

**44.** Plaintiffs' property is in Richland County, South Carolina. Defendants have conducted business, albeit illegally in this County and throughout the (46) Counties in South Carolina and throughout the United States by filing tens of thousands of fabricated, illegal and unenforceable Promissory Notes, Assignments of Promissory Notes, Affidavits as to loan ownership and Status of Accounts, Mortgages and Assignments of Mortgages. And ("Forged deed"),

## DEFENDANTS

22

**45.** At all times relevant herein, Defendant Attorney, Ben Mill / special referee, an individual. Mr. Ben N. Miller, III at 1704 Main Street Columbia, South Carolina 29201

**46.** At all times relevant herein, Defendant Hon, Kristi F. Curtis an individual. The Honourable Kristi F. Curtis 215 North Harvin Street Sumter, SC 29150,

**47.** At all times relevant herein, Defendant Nelson Mullins Riley & Scarborough LLP is a diversified law Firm doing real estate Services Business in the State of South Carolina Address at 1320 Main Street / 17th Floor Columbia, SC 29201,

**48.** At all times relevant herein Defendant Matthew A. Abee, an individual is a resident citizen of the State of South Carolina, attorneys Nelson Mullins Riley & Scarborough LLP law firm, Address at 1320 Main Street / 17th Floor Columbia, SC 29201,

**49.** At all times relevant herein, Defendant Madison C. Guyton, an individual, an individual is a resident. citizens of the State of South Carolina, attorneys Nelson Mullins Riley & Scarborough LLP law firm, Address at 1320 Main Street / 17th Floor Columbia, SC 29201,

**50.** At all times relevant herein, Defendant Black Knight/ Lender

Processing Services (LPS) represents that 39 of the 50 largest banks in t The United States based on 2007 ratings Use its services. Its teclu1ology solutions include its mortgage processing system (the "MSP") which Processes over 50% of all residential mortgage loans by dollar volume. Its outsourcing services Include "the default management services, which are used by mortgage lenders and servicers to attorneys, trustees and real estate professionals."5 Reduce the expense of managing defaulted loans.... address at: Black Knight Headquarters 601 Riverside Avenue Jacksonville, FL 32204, acting alone or in concert with Others

**51.** At all times relevant herein, Defendant Richland County is political Subdivision of the State of South Carolina created pursuant to the laws of the State of South Carolina, Richland County its agents, servants, and employees Operated, Maintained, and controlled, The Richland County Sheriffs Department and, Civil Process Division including all Sheriffs Deputies and Employees thereof,

**52.** At all times relevant herein, Defendant Leon Lott is the current of Richland County, and is sued in His Official Capacity as The Sheriff of The Richland County, South Carolina, Defendant Richland County, Sheriff's Office is a governmental entity/agency existing under the law of the State of South Carolina mentioned in this lawsuit, Defendant Richland County, Sheriff's Office acted and carried on their business by and though their agents,

servants, and/or employees

**53.** At all times relevant herein, Defendant Sgt. Kyle Kovalchek Investigator Sergeant, Financial Crimes Unit -Richland County Sheriff's Department fail to Investigate Fraud, mentioned in this lawsuit

**54.** Defendants Richland County and Richland County Sheriff's Department failed to provide proper training to its managers, supervisors, and employees to prevent Fraud. Defendants' failure to train was deliberately indifferent to the rights of employees within their purview.

**55.** Defendants Sheriff Leon Lott, and Sgt. Kyle Kovalchek created and turned a blind eye to the Fraud and Plaintiff's complaints, and condoned and committed retaliation against Plaintiff.

53. Defendant Richland County Sheriff's Department has engaged in a pattern and practice of discrimination and harassment. Toward the public, these practices are directly and indirectly related to the allegations in this Complaint, including but not limited to allegations and reports that the public has the right to expect efficient, fair, and impartial law enforcement; therefore, any allegation of misconduct by department personnel must be investigated and properly addressed to ensure the maintenance of these qualities.

**56.** Personnel who engage in serious acts of misconduct or who have demonstrated that they are unfit to handle law enforcement responsibilities must be removed from the department for the protection of the public, fellow employees, and the department.

JANET LOUISE NELUMS AND CHRIS NELUMS DEMANDS A TRIAL BY JURY OF ANY AND ALL ISSUES BEFORE THE COURT AND TRIABLE BY A JURY

Respectfully submitted on this 9 day of September 9, 2024

        Janet Louise Nelums  *Janet Nelums*
        Chris Nelums
        813 N. Highland Forest Dr,
        Columbia, SC 29203-1929
        (803) 730-6003
        jnelums@gmail.com
        chrisnelums@yahoo.com

## CERTIFICATE OF SERVICES

**I HEREBY CERTIFY** that a copy of the foregoing Plaintiffs **PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND CHALLENGE TO THE JURISDICTION OF LOWER THE COURT** of Defendant's ON Monday, was served by email and Certified Registered Letter on September 9, 2024 to the below listed parties:

The Honorable Kristi F. Curtis
215 North Harvin Street
Sumter, SC 29150
OFFICE: (803) 436-2152
FAX: (803) 774-2825
kcurtissc@sccourts.org

Mr. Warren Stephen Curtis
Curtis & Croft, LLC
PO Box 3220
Sumter, SC 29151-3220
warren@curtisandcroft.com
(803) 778-7404

NELSON MULLINS RILEY & SCARBOROUGH LLP
Matthew A. Abee, SC Bar No. 101100
Madison C. Guyton, SC Bar No.105205
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
(803) 799-2000
Email: matt.abee@nelsonmullins.com
Email: madison.guyton@nelsonmullins.com

Mr. Ben N. Miller, III
Mckenzie Lybrand, LLP
1704 Main Street
Columbia, South Carolina 29201
bmiller@mckenzielybrand.com
(803) 223-6155

27

Scott and Corley, P.A
ATTN: Reginald P. Corley
2712 Middleburg Drive, Suite 200
Columbia, SC 29204
Tel: 803-252-3340

Richland County, Sheriff Leon Lott
in His Official Capacity as The Sheriff of
The Richland County Sheriffs Department
and Civil Process Division5623 Two Notch
Road Columbia, S.C. 29223
phone: 803-576-3000.
 fax: 803-576-319

Richland County, Sheriff Leon Lott
in His Official Capacity as The Sheriff of
The Richland County Sheriffs Department
ATTN: Sgt. Kyle Kovalchuk
5623 Two Notch Road
Columbia, S.C. 29223
phone: 803-576-3000.
 fax: 803-576-319

Respectfully submitted on this 9 day of September 9, 2024

Janet Louise Nelums
Chris Nelums
813 N. Highland Forest Dr,
Columbia, SC 29203-1929
(803) 730-6003
jnelums@gmail.com
chrisnelums@yahoo.com

28