IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Janet Nelums; Chris Nelums, | ) | C/A No. 3:24-04898-MGL-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ben Mill, Jr.; Judge Hon Kristi F. Curtis; | ) | |
| Scott and Coley P.A.; Nelson Mullins Riley & | ) | |
| Scarborough, LLP; Matthew A. Abee; Black | ) | |
| Knight/Lender Processing Services; Richland | ) | |
| County, Sheriff Leon Lott; Civil Process | ) | |
| Division, Sgt Kyle Kovalchuk; Reginald P. | ) | |
| Corley; Madison C. Guyton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Janet and Chris Nelums, self-represented litigants, filed this action alleging violations of their civil rights arising out of an ongoing foreclosure action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Plaintiffs' motion for a temporary restraining order contained in the Complaint filed earlier today. (ECF No. 6.) The motion is filed *ex parte* as the court has not yet authorized service pursuant to the court's initial review procedures for *pro se* cases and the defendants have not yet appeared. Having reviewed the record presented and the applicable law, the court concludes the motion for a temporary restraining order should be denied.

## BACKGROUND

Plaintiffs filed this action on a self-styled pleading that seeks injunctive relief from a state court foreclosure action. According to documents filed in the underlying state action, Plaintiffs' property was sold at a judicial foreclosure sale on April 1, 2024, to Deutsche Bank National Trust Company. See Pet. For Rule to Show Cause, Deutsche Bank Nat'l Tr. Co. v. Janet L. Nelums, et.

al., Case No. 2017-CP-40-01687 (Aug. 20, 2024).  Defendant Ben N. Miller, III, as Special Referee

for Richland County, has ordered Plaintiffs to appear before him on September 10, 2024, to show

cause as to why they should not be removed from the property.  Rule to Show Cause, Deutsche

Bank Nat'l Tr. Co. v. Janet L. Nelums, et. al., Case No. 2017-CP-40-01687 (Aug. 20, 2024).

Plaintiffs move "the Court for entry of a Temporary Restraining Order and Preliminary Injunction

enjoining [Defendants] from destroying, disposing of, or Foreclosing on any" of Plaintiffs' assets.

(Compl., ECF No. 1 at 2-3.)

## DISCUSSION

### A.    Applicable Standards

A plaintiff seeking a temporary restraining order or a preliminary injunction must establish:

(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the

absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an

injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008);

The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir.

2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th

Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189

(4th Cir. 1977).[1]  A plaintiff must make a clear showing that he is likely to succeed on the merits

of his claim.  Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46.  Similarly, he must make a

clear showing that he is likely to be irreparably harmed absent injunctive relief.  Winter, 555 U.S.

---

[1] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

at 20-23; <u>Real Truth</u>, 575 F.3d at 347. Only then may the court consider whether the balance of

equities tips in the plaintiff's favor. <u>See</u> <u>Real Truth</u>, 575 F.3d at 346-47.[2] Further,

> [a] preliminary injunction is an extraordinary remedy never awarded as of right. In
> each case, courts must balance the competing claims of injury and must consider
> the effect on each party of the granting or withholding of the requested relief. In
> exercising their sound discretion, courts of equity should pay particular regard for
> the public consequences in employing the extraordinary remedy of injunction.

<u>Winter</u>, 555 U.S. at 24 (internal quotation marks and citations omitted).

Further, while the federal court is charged with liberally construing a complaint filed by a

*pro se* litigant to allow the development of a potentially meritorious case, <u>see</u>, <u>e.g.</u>, <u>Erickson</u>, 551

U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Soc. Servs.</u>,

901 F.2d 387 (4th Cir. 1990).

**B.    Plaintiffs' Motion**

The court concludes that Plaintiffs' motion should be denied because they fail to provide

the court with a sufficient reason to enjoin the defendants before they can be served with notice of

the motion and heard in opposition. Also, considering the <u>Winter</u> factors, the court concludes that

Plaintiffs fail to establish on this record that a temporary restraining order should be issued.

Plaintiffs fail to make a clear showing of a likelihood of success on the merits. <u>See</u> <u>Winter</u>,

555 U.S. at 22; <u>Real Truth</u>, 575 F.3d at 345-46. Plaintiffs dedicate most of their complaint to

allegations regarding the impropriety of the foreclosure proceedings before Defendant Miller, most

---

[2] Based on <u>Winter</u>, the <u>Real Truth</u> Court expressly rejected and overruled <u>Blackwelder</u>'s
sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of
a probability of success even if he demonstrated only a possibility of irreparable harm. <u>Real Truth</u>,
575 F.3d at 347; <u>Winter</u>, 555 U.S. at 21-23.

of which have already concluded.  Plaintiffs allege Defendant Miller is not licensed to practice law because "the practice of law cannot be licensed by any state."  (Compl., ECF No. 1 at 4-5.) However, Plaintiffs fail to substantially support that statement and provide the court with Defendant Miller's South Carolina Bar Number, which suggests he is licensed to practice law in this state.  (Id. at 5.)  Plaintiffs' further assert any proceeding before Defendant Miller would be invalid because Plaintiffs have not consented to proceed before a magistrate judge.  (Id. at 5-7.) Here, Plaintiffs rely on federal authority governing the authority of United States Magistrate Judges, which is inapplicable to Plaintiffs' state foreclosure action.  (Id.)  Plaintiffs also reference the Supremacy Clause and "fraud upon the court," but fail to provide facts connecting either to their motion.  (See id. at 10-11.)  Regarding the remaining defendants, Plaintiffs provide only conclusory allegations of vague civil rights violations, with no explanation as to how those violations are connected to Plaintiffs' case.  (See id. at 14-17.)

Plaintiffs also fail to show a likelihood of irreparable harm absent injunctive relief.  They allege:  "Unless enjoined by this Court, Defendant's may destroy, Dispose of, or Foreclosure of the assets of Janet Nelums & Chris Nelums. [sic]"  (Id. at 12.)  But Plaintiffs fail to explain how any action by this court against the named defendants would prevent the alleged harm.  Plaintiffs' property has already been foreclosed.  To the extent Plaintiffs seek an order from this court preventing law enforcement from removing Plaintiffs and their personal property from the foreclosed property, Plaintiffs fail to directly connect the defendants to the prospective harm. Further, Plaintiffs may address their concerns at the Rule to Show Cause hearing, which is meant to serve exactly that purpose.

Having found Plaintiffs fail to show a likelihood of success on the merits or of irreparable harm, the court need not consider the remaining the two factors.  See Real Truth, 575 F.3d at 346-

47.   Accordingly, Plaintiffs do not provide the court with a sufficient reason to enjoin the defendants before they can be served with notice of the motion and heard in opposition to the motion.

## RECOMMENDATION

Based on the foregoing, the court recommends the motion for a temporary restraining order be denied.  (ECF No 6.)

September 9, 2024                               Paige J. Gossett
Columbia, South Carolina                  UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

      The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

      Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

      **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).