IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Janet Nelums; Chris Nelums, | ) | C/A No. 3:24-04898-MGL-PJG |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ben Mill, Jr.; Judge Hon Kristi F. Curtis; Scott and Coley P.A.; Nelson Mullins Riley & Scarborough, LLP; Matthew A. Abee; Black Knight/Lender Processing Services; Richland County, Sheriff Leon Lott; Civil Process Division, Sgt Kyle Kovalchuk; Reginald P. Corley; Madison C. Guyton, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs Janet Nelums and Chris Nelums, proceeding *pro se*, filed this action seeking relief from a state foreclosure action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that this case should be summarily dismissed without prejudice and without issuance and service of process.

I.      **Factual and Procedural Background**

Plaintiffs filed this action on a self-styled pleading that seeks injunctive relief from a state court foreclosure action. According to documents filed in the underlying state action, Plaintiffs' property was sold at a judicial foreclosure sale on April 1, 2024, to Deutsche Bank National Trust Company. See Pet. For Rule to Show Cause, Deutsche Bank Nat'l Tr. Co. v. Janet L. Nelums, et. al., Case No. 2017-CP-40-01687 (Aug. 20, 2024). Defendant Ben N. Miller, III, as Special Referee for Richland County, ordered Plaintiffs to appear before him on September 10, 2024, to show cause as to why they should not be removed from the property. Rule to Show Cause, Deutsche

Bank Nat'l Tr. Co. v. Janet L. Nelums, et. al., Case No. 2017-CP-40-01687 (Aug. 20, 2024). Plaintiffs move "the Court for entry of a Temporary Restraining Order and Preliminary Injunction enjoining [Defendants] from destroying, disposing of, or Foreclosing on any" of Plaintiffs' assets. (Compl., ECF No. 1 at 2-3.)

On September 9, 2024, the court issued a report and recommendation recommending denial of Plaintiffs' motion for temporary restraining order and preliminary injunction. (ECF No. 7.) The report and recommendation was adopted on October 2, 2024. (ECF No. 12.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint is not subject to the prescreening provisions of 28 U.S.C. § 1915.[1] See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); see also Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181

---

[1] Plaintiffs paid the filing fee in this case. (ECF No. 1.)

(7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The court concludes that this case should be summarily dismissed because it is frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992) (providing that a claim is frivolous if "it lacks an arguable basis either in law or in fact") (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); see also Ross, 493 F. App'x at 406. Federal Rule of Civil Procedure 8 requires that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  The Complaint fails to reveal the Plaintiffs' theory as to why the court has jurisdiction or how they are entitled to relief.  Plaintiffs also fail to list recognizable legal causes of action and support them with facts that show which defendants are liable for each.  See generally Langford v. Joyner, 62 F.4th 122, 126 (4th Cir. 2023) ("[W]e do not require a complaint to contain detailed factual allegations.  But we do require sufficient facts to allow the court to infer liability as to *each* defendant.  This is baked into Rule 8's requirement that the complaint 'show' the plaintiff is entitled to relief.") (internal citations and quotation marks omitted).

Even liberally construing the pleading in light of Plaintiffs' *pro se* status, the court is able to glean only that Plaintiffs seek to prevent a state foreclosure action from going forward.  But such relief is generally not available in a federal court.[2]  See generally 8 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); Lynch v. Snepp, 472 F.2d 769, 775 (4th Cir. 1973) (discussing, as exception to 28 U.S.C. § 2283, the limited circumstances justifying federal court interference in state civil proceedings).  Further, as the court has already denied Plaintiffs' motion for temporary restraining order, the date of the contested state court hearing has passed, and Plaintiffs' do not specify any other demand for relief, this matter appears to now be moot.  Consequently, the court concludes that Plaintiffs' lawsuit is frivolous and should be dismissed.

---

[2] Thus, it is also unclear how this court has subject matter jurisdiction over this case.  See Fed. R. Civ. P. 8(a)(1); Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."); see also In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (requiring the court to *sua sponte* determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appear").

### III.  Conclusion

Accordingly, the court recommends that this case be summarily dismissed without prejudice and without issuance and service of process.

October 16, 2024
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*Plaintiffs' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).